UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
In the matter of: HECTOR SANTIAGO :
AND HELEN SANTIAGO, Debtors.    :
                                                :      CASE NO. 1:11-CV-561
                                                :      BANKRUPTCY CASE NO. 10-17135
BAC HOME LOANS SERVICING, L.P., :
                                                :
              Appellant,                  :      OPINION & ORDER
                                                :      [Resolving Doc. Nos. 1, 5]
vs.                                            :
                                                :
DANIEL M. MCDERMOTT,          :
United States Trustee,                 :
                                                :
              Appellee.                    :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Appellant BAC Home Loans Servicing seeks leave to appeal a decision of the United States Bankruptcy Court denying Appellant's motion to quash a subpoena and overruling Appellant's objections related to that subpoena. [Doc. 1.] Because the Bankruptcy Court's decision is an interlocutory order not appealable by right, and because there exists is no good reason to grant an interlocutory appeal, the Court **DENIES** Appellant BAC's motion for leave to appeal.

BAC Home Loans Servicing, formerly Countrywide Home Loans Servicing LP, filed an action on a note and a foreclosure action on Hector and Helen Santiago's home in Lorain, Ohio. While that action was pending, the Santiagos filed for bankruptcy. BAC submitted a proof of claim stating that it is a creditor of the Santiagos and that they are in arrears $13,438.81 under the note.

Case No. 1:11-CV-561
Gwin, J.

[Bankr. Dkt. 10-17135, Doc. 44 at 2.] Specifically, BAC says the debtors owe eleven missed monthly payments ($11,222.53), fees ($40.04), and "foreclosure costs" ($2,236.00) consisting of:

Costs:

| | | | |
|---|---|---|---|
| Process Server | | | $ 335.00 |
| | | | $ 70.00 |
| Complaint | | | $ 625.00 |
| Title Search | | | $ 656.00 |
| Title Update | 2 @ | $150.00 each | |
| | 2 @ | $125.00 each | |

[Bankruptcy Dkt. 10-17135, Doc. 44 at 2; Doc. 1 at 3.]

In response, the United States Trustee reviewed the Lorain County foreclosure docket from which he "identified specific questions that the review raised about the charges on the docket compared to the charges included in the proof of claim." [Bankr. Dkt., Doc. 44 at 4.] The Trustee then filed motions for a Rule 2004 Examination of BAC and for the issuance of a subpoena compelling BAC to produce related documents. [Bankr. Dkt., Doc. 26.] (Bankruptcy Rule 2004 provides that, on motion of any party in interest, the court may order an examination of the acts of any entity "which may affect the administration of the debtor's estate." Fed. R. Bankr. P., Rule 2004.) The Trustee has since acknowledged that the examination and subpoena are part of a nationwide program authorized by the Department of Justice in response to numerous court decisions that identified systemic improper activity by some mortgage servicers in bankruptcy cases. [Bankr. Dkt., Doc. 44 at 4.]

After BAC's deadline to object to the subpoena and examination came and went, the Bankruptcy Judge granted the Trustee's motions [Bankr. Dkt., Doc. 28, Doc. 30.] Without

Case No. 1:11-CV-561
Gwin, J.

explaining why it failed to file a timely objection,[1/] BAC moved to quash the subpoena. In that motion, BAC argued that the Trustee is not a party in interest and thus lacks authority to obtain a Rule 2004 examination. BAC also objected to producing documents and the topics for oral examination on the grounds that there is no pending objection to BAC's claim and the requests are otherwise protected by the attorney-client privilege, unduly broad, or burdensome. [Bankr. Dkt., Doc. 32.]

The Bankruptcy Court held a hearing on the matter and then denied BAC's motion, with one exception. In denying BAC's motion, the bankruptcy court held: (1) the Trustee is a party who may request a Rule 2004 examination; (2) good cause exists for the examination; and (3) the scope of the examination is proper. [Bankr. Dkt., Doc. 44.] The Bankruptcy Court did, however, grant BAC's motion to "modify" the subpoena to set the location for depositions to within 100 miles of BAC's principal place of business in California. [Bankr. Dkt., Doc. 44 at 9.]

BAC now appeals the Bankruptcy Court's order to this Court. BAC says the order is a final order from which it may appeal as a matter or right, 28 U.S.C. § 158(a)(1), or, alternatively, an interlocutory order from which discretionary appeal is proper, 28 U.S.C. § 158(a)(3). [Doc. 1.] The Court disagrees with both theories and denies BAC's motion for leave to appeal.

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). In the bankruptcy context, a final order is one which "finally dispose[s] of discrete disputes within the larger case." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008) (quotation omitted). A discrete dispute is one

---

[1/] BAC's failure to respond to a court order and failure to offer an excuse for its tardiness only strengthens the Trustee's argument that an investigation into BAC's policies and conduct is necessary.

-3-

Case No. 1:11-CV-561
Gwin, J.

that is essentially separable from the larger case. *In re Comdisco, Inc.*, 538 F.3d 647, 651 (7th Cir. 2008). On the other hand, "a decision or order that resolves only an issue that arises during the administration of a bankruptcy estate is too small a litigation unit to justify treatment as a final judgment." *Id*. In any event, because finality is considered in a more pragmatic and less technical way in bankruptcy cases, *Winget*, 537 F.3d at 578, there exists no hard-and-fast rule to determine finality.[2/]

In this case, the Bankruptcy Court's discovery order is not final because it did not finally dispose of a discrete dispute within the bankruptcy case. Rather, the result of the order is to authorize a Rule 2004 examination for information that may lead to additional disputes between and among BAC, the Trustee, and the debtors. For example, the current Chapter 13 plan requires the debtors to make a monthly payment of $210 towards arrearages on their mortgage. [Bankr. Dkt., Doc. 22.] After the examination, the Trustee may move to disallow all or part of BAC's claim. An order disallowing all or part of BAC's claim would lower the debtors monthly payments and affect the Chapter 13 plan and the debtors themselves. Accordingly, "[t]he fact that issues might arise that require further action from the Bankruptcy Court is sufficient to establish that the Rule 2004 order did not finally dispose of" a discrete dispute between BAC and the Trustee. *See In re Gray*, 2011 WL 902733, at *6 (E.D. Mich. Mar. 15, 2011). The Court thus finds that the Bankruptcy Court's order is not final and BAC may not appeal as a matter of right.

Nor does the Court find that the criteria for granting a discretionary interlocutory appeal are

---

[2/] For example, *compare In re Rosenberg*, 303 B.R. 172, 174 (B.A.P. 8th Cir. 2004) (asserting jurisdiction over appeal from "final order" of bankruptcy court authorizing Trustee to conduct a Rule 2004 examination), *with Vance v. Lester (In re Vance )*, 1998 WL 783728, at *1 (7th Cir. Nov. 2, 1998) (order granting trustee's motion to conduct a Rule 2004 examination "is not a final order").

Case No. 1:11-CV-561
Gwin, J.

met. A federal district court has jurisdiction to hear an appeal from "interlocutory orders and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(3). Four elements must be met before a district court will grant interlocutory appeal: (1) the question involved must be one of law; (2) it must be controlling; (3) there must be substantial ground for difference of opinion about it; and (4) an immediate appeal must materially advance the ultimate termination of the litigation. *WCI Steel, Inc. v. Wilmington Trust Co.*, 338 B.R. 1, 14 (N.D. Ohio 2005). Because interlocutory appeals "contravene the judicial policy opposing piecemeal litigation and the disadvantages of delay and disruption associated with it, [interlocutory appeals] should be sparingly granted and then only in exceptional cases." *In re Gray*, 2011 WL 902733, at *7 (internal quotations, alterations, and citations omitted).

In this case, the Court has no doubts that the Trustee is a "party in interest" with authority to compel a Rule 2004 examination. Indeed, no court that has considered the question has held otherwise. *See, e.g.*, *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 384 (Bankr. W.D. Pa. 2008) (bankruptcy court had "no difficulty" concluding that the United States Trustee has authority to seek and obtain a Rule 2004 examination in proper circumstances). Likewise, Congress has stated that trustees are responsible for "'protecting the public interest and ensuring that bankruptcy cases are conducted according to law.'" *See In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990) (quoting H.Rep. 595 at 109, *reprinted in* 1978 U.S. Code Cong. & Admin. News at 6070). That is *exactly* the interest the Trustee is pursing here, and that makes him a party in interest capable of compelling a Rule 2004 examination. Thus, because there can be no substantial difference of opinion regarding the correctness of the Bankruptcy Court's order, the Court declines to grant an interlocutory appeal.

Case No. 1:11-CV-561
Gwin, J.

Finally, BAC takes a parting shot at the Bankruptcy Court's order modifying the subpoena to move the examination location to within 100 miles of BAC's principal office.  [Doc. 1. at 14.]  In its motion to "quash or modify" the subpoena, BAC argued that the subpoena violates Federal Rule of Civil Procedure 45 because it requires BAC to travel more than 100 miles.  [Bankr. Dkt., Doc. 32 at 2.]  At oral argument, the Trustee stood by his position that the Bankruptcy Court could compel BAC to appear in Cleveland based on BAC's voluntary participation in the underlying bankruptcy case, but nonetheless agreed to conduct the examination within 100 miles of BAC's office in California.  [Bankr. Dkt., Doc. 44 at 9.]  Without deciding the issue, the Bankruptcy Court acquiesced to the Trustee's concession.  [Bankr. Dkt., Doc. 44 at 9 n.9.]  As the Trustee did not decide a controlling issue of law, the Court will not grant an interlocutory appeal based on this part of the Bankruptcy Court's order.

For the foregoing reasons, the Court **DENIES** Appellant BAC's motion for leave to appeal. The Court **DENIES AS MOOT** the Trustee's motion to stay appellate briefing.  [Doc. 5.]

IT IS SO ORDERED.


Dated: March 31, 2011                     *s/     James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE